WILLIAM C. MICHAELS, John Michaels, Herman F. H. Michaels, and Adolf F. Just v. GABRIEL BARRON.

(154 N. W. 254.)

Adverse claims to lands — action to determine — contract — cancelation of — purchase price — essence of contract — time is conditionally so — failure to strictly comply with terms.

1. In an action to determine adverse claim to lands which were purchased under a conditional contract of sale under which the sum of $2,000 was paid down, and it was agreed that the defendant, if dissatisfied with his purchase, could, after the expiration of a year, cancel his contract of purchase and recover back the purchase price paid, provided that by a certain date he did certain breaking, and in which said contract certain payments, in addition to the $2,000 originally paid, were to be made before the end of such year: *Held,* that time was not of the essence of the contract as to such payments, except in so far as defendant's right to a deed was concerned; that the delay in doing the breaking before the specified time had been sanctioned and permitted by the plaintiffs, and that the right of the defendant to cancel the contract and to recover back the purchase price was not terminated by such failure or omissions.

Opinion filed September 15, 1915.

Appeal from the District Court of Morton County; *Nuchols,* J.

Action to determine adverse claims to real estate. Answer setting up conditional contract of purchase, which provided for a cancelation of the contract at the option of the defendant or purchaser, and a claim of such cancelation, and the recovery of the amount paid, as a condition precedent to the quieting of the title.

Judgment for defendant. Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action to determine adverse claims to 400 acres of land in Morton county, the complaint being in the statutory form. The answer admits that the plaintiffs are the owners of the premises, but alleges a conditional contract of purchase by the defendant, and the payment of the sum of $2,000 and interest, which the defendant claims

should be returned to him as a condition of quieting the title, it being his claim that according to the contract of purchase he had the option of canceling the contract and recovering back the money which he had paid. The findings of fact and conclusions of law of the trial judge were as follows:

Findings of fact: "1. That this is an action to quiet title to the premises described in the complaint, and to foreclose the defendant from any interest in said land, and to determine what rights or interest the defendant has in said tract, and to grant such general relief as may be just in the premises, and that by consent of counsel, the question of the right of the defendant to the return of the money claimed by him under his answer was tried and submitted to the court.

"2. That the title to the premises described in the complaint is in the plaintiffs, who are copartners; that the plaintiff Wm. C. Michaels is the spokesman and general manager of the plaintiffs; that in the year of 1910, the plaintiffs and defendant entered into a written contract by the terms of which the plaintiffs agreed to sell to the defendant the following described premises, to wit: The south half of section 15; and the north half of the northeast quarter and the north half of the northwest quarter of section 22, all in township 140, north of range 84, west of the 5th P. M., in Morton county, North Dakota, in consideration of the sum of $2,000 that was paid to the plaintiffs on August 27, 1910, and in consideration of the further payment of certain deferred payments mentioned in the contract; that said contract also provided that the plaintiffs herein agreed to cancel the said contract and return to the defendant the amount paid by him on the contract, at or after ten days after November 1, 1911, upon written notice from the defendant and upon the defendant's returning to the plaintiffs a wagon which was delivered to the defendant by the plaintiffs at the time the contract was executed, and also upon the delivery by the defendant to the plaintiffs of 200 bushels of No. 1 wheat, and upon the defendant's breaking 40 acres on said premises prior to July 1, 1911; that time was not made the essence of said contract as to the returning of the said wagon or wheat, or as to the breaking of the said 40 acres; that at the time the defendant entered into said contract, he expressed doubts as to his desire or ability to purchase said land, and that the clause in said contract allowing him to cancel said contract and to recover back his

money was put in the contract in order that the defendant might make a trial of said land for the term of a year, and at the end of that time be able to put himself back in his original position if dissatisfied.

"3. That the defendant went into the possession of the said land and commenced breaking thereon, and cultivated crops on that portion of the land that had been broken theretofore, and that in the spring of 1911, the defendant decided that he would be unable to keep the land, and notified the plaintiffs that he did not desire the property or to carry out the purchase of the land, and that he would want his money back and the contract canceled; that continuing from said spring of 1911, and during the summer and fall of said year, the defendant at many and divers occasions notified and told the plaintiffs of his desire to cancel the contract; that the defendant broke 40 acres on said lands; said breaking being finished in the month of October, 1911; that the plaintiffs, by their actions and words at the time the contract was entered into and during the following year, led the defendant to believe that he had until the end of the crop year within which to break said 40 acres, and that the defendant did so believe; that the plaintiffs by their actions and words waived the breaking of the said 40 acres prior to July 1, 1911; that the defendant returned to the plaintiffs the wagon mentioned in said complaint, and also surrendered up the possession of the premises in the fall of 1911, and on the 25th day of November, 1911, by written notice served upon each of the plaintiffs, tendered the return of the said wagon and 200 bushels of No. 1 wheat, to be returned at any place requested by the plaintiffs; also calling attention to the fact that the 40 acres were broken, and in said written notice demanded the return of the $2,000 which had been paid by the defendant upon the contract; that the plaintiffs failed to indicate any place where said wagon or wheat could be returned, and the defendant left 200 bushels of wheat in the house on the premises, locking said house and tendering the key of same to the plaintiffs; that thereafter the plaintiffs took 96 bushels and 25 pounds of said wheat into their possession; that the market value of No. 1 wheat at the premises mentioned in the complaint in the month of November, 1911, was 83 cents; that the defendant lawfully and in all things substantially complied with the terms of said contract between him and the plaintiffs; that the plaintiffs have not returned to the defendant the purchase price, to wit, the sum

of $2,000 paid by him, although repeated demands have been made on them to do so; that since the month of November, 1911, the plaintiffs have been in possession of the premises and are now holding and using the same. 4. That by the terms of said contract a deferred payment of $1,358.90 was to become due on the 27th day of August, 1911, from the defendant to the plaintiffs, and that the plaintiffs took no proceedings to cancel said contract because of the failure of the defendant to pay said deferred payment, until after the defendant had given notice to the plaintiffs of his intention to exercise the option in said contract of allowing him to cancel the same, and until after he had demanded the return of said portion of the purchase price that he had paid upon said contract, which written demand was served on the plaintiffs on November 25, 1911. 5. That other than herein found the allegations of plaintiffs' complaint are untrue. 6. That all the allegations of the defendant's answer are true, except as herein otherwise specifically found."

"Conclusions of law: 1. That the defendant is entitled to have and recover from the plaintiffs the sum of $1,889.20, being the sum of $2,000, less 200 bushels of wheat at 84 cents per bushel, and also less the sum of $23.80, interest at 7 per cent upon $1,358.90 to November 25, 1911, a deferred payment which became due by the terms of said contract from the defendant to the plaintiffs on the 27th day of August, 1911, to which should be added $81 for the wheat received by plaintiffs from defendant, leaving the sum of $1,889.20, which defendant is entitled to recover from plaintiffs, with interest thereon at 7 per cent per annum from November 25, 1911. 2. That the said defendant is further entitled to recover from the plaintiffs his costs and disbursements therein. 3. That the amount which the defendant is entitled to recover as hereinbefore found shall be a lien upon the premises in said complaint described. 4. That upon the payment to the defendant by the plaintiffs of the amount hereinbefore set out, the plaintiffs are entitled to the decree of this court quieting the title to the said premises in them as against the defendant."

*W. H. Stutsman,* for appellants.

Under a contract permitting purchaser to disaffirm if dissatisfied with his title, his good faith, and not the reasonableness of his dissatis-

faction, is the test of his right.    Sanger v. Slayden, 7 Tex. App. 605, 26 S. W. 847.

A party may enforce his agreement as to time, because the parties are, as a rule, allowed to make such contracts as they please.    Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207.

Where a contract provides that a certain act be done before action can be brought,—a condition precedent to the bringing of such action,—the condition must be strictly complied with.    White v. Mitchell, 30 Ind. App. 342, 65 N. E. 1061.

A party to a contract has no right to rescind his agreement until he has, as a condition precedent, strictly performed his part.    Griffin v. Griffin, 163 Ill. 216, 45 N. E. 241; Wallace v. McLaughlin, 57 Ill. 53; Hunt v. Smith, 139 Ill. 296, 28 N. E. 809; Rev. Codes 1905, § 5249, Comp. Laws 1913, § 5805.

Parol evidence of a prior or contemporaneous agreement is inadmissible to vary the terms of a written contract.    Te Poel v. Shutt, 57 Neb. 592, 78 N. W. 288.

The right to annul a contract for nonperformance of its terms by the contractors is lost where the employers are in default by failure to estimate and pay for work done and materials furnished by the contractors.    O'Connor v. Henderson Bridge Co. 95 Ky. 633, 27 S. W. 251, 983; Graf v. Self, 109 N. Y. 369, 16 N. E. 551; Mason v. Edward Thompson Co. 94 Minn. 472, 103 N. W. 507; Provident Loan Trust Co. v. McIntosh, 68 Kan. 452, 75 Pac. 498, 1 Ann. Cas. 906; Prothro v. Smith, 6 Rich. Eq. 324; Gale v. Dean, 20 Ill. 320; Hopkins v. Shull, 2 Ohio Dec. Reprint, 272; Aikman v. Sanborn, 5 Cal. Unrep. 961, 52 Pac. 729.

A party cannot strictly enforce a contract while he himself is in default.    Blewett v. McRae, 88 Wis. 280, 60 N. W. 258; Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co. 120 Cal. 521, 65 Am. St. Rep. 186, 52 Pac. 995; State v. Winona & St. P. R. Co. 21 Minn. 472.

*Hanley & Sullivan,* for respondent.

After one party has performed the contract in a substantial part, and the other party has accepted and had the benefit of such part performance, the latter is precluded from relying upon the performance of the residue as a condition precedent to his liability.    9 Cyc. 645, 689.

Upon the vendor's electing to return the thing sold within the time specified, the vendor was bound to refund, and this though the vendee had given his obligation for the purchase money. Giles v. Bradley, 2 Johns. Cas. 253.

The plaintiff waived the time of performance on defendant's part, as to the breaking. Fargusson v. Talcott, 7 N. D. 183, 73 N. W. 207.

There has been substantial performance. Columbian Lyceum Bureau v. Sherman, 19 N. D. 58, 121 N. W. 765.

A false impression may be produced by words, acts, concealment, or suppression. Whether the plaintiff and his agent intended to defraud the defendant makes no difference. The results to defendant are the same. Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032.

Courts of equity will carefully scrutinize contracts between persons occupying relations of trust and confidence, and if it appears that a contract was entered into through the exercise of undue influence by one upon the other, they will not hesitate to cancel such contract. Fjone v. Fjone, 16 N. D. 100, 112 N. W. 70; Bennett v. Glaspell, 15 N. D. 239, 107 N. W. 45; Sanger v. Slayden, 7 Tex. Civ. App. 605, 26 S. W. 847.

BRUCE, J. (after stating the facts as above). After thoroughly examining the record and briefs in this case we are quite satisfied of the correctness of the findings and conclusions of the learned trial judge. We are satisfied that it was the intention of the parties that the defendant should be permitted to rescind the contract and recover back the money which he had paid, if, after entering upon the land and giving the matter a trial, he was dissatisfied with his bargain. We are satisfied too, that, as far as the payments were concerned, time was only of the essence of the contract, provided that the defendant desired to retain the land and to obtain a deed from the plaintiff. We are not prepared to hold that in order to rescind the contract the defendant was compelled to pay the instalments on the purchase price, only to have them paid back again to him in the event of his rescission. We, too, are convinced that any delay that there was in the doing of the breaking was due to the dry season, and was fully sanctioned and approved by the plaintiff. It is true that the breaking was done in

separate tracts, but there was nothing in the contract which prevented this being done. It is quite apparent to us that the nature of the land was such that this was not an unreasonable procedure.

The judgment of the District Court is affirmed.